# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| BRYAN M. HAYHURST, | ) | CASE NO. 5:16-cv-576 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting | ) | **AND ORDER** |
| Commissioner of Social Security, | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's motion for an award of attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $11,794.75. (Doc. No. 18.) Defendant has responded that the she has identified no reason to oppose the motion. (Doc. No. 19.) For the reasons set forth below, the motion is granted.

## BACKGROUND

On December 7, 2012, plaintiff Bryan M. Hayhurst ("Hayhurst") filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of January 1, 2012. Following initial denials of his applications, Hayhurst requested a hearing before an administrative law judge ("ALJ"). After the hearing, the ALJ issued a written decision on March 10, 2015, finding Hayhurst not disabled. On January 12, 2016, the Appeals Council denied Hayhurst's request for review, rendering the ALJ's decision final.

On March 9, 2016, Hayhurst filed a civil action seeking this Court's review of the Commissioner's decision. On October 12, 2016, the parties jointly requested that the case be

remanded for further administrative proceedings. This request was granted and the case was remanded. (*See* Doc. No. 15.)

Plaintiff sought and obtained an award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $6,650.00 in attorney fees. (*See* Doc. No. 17.)

On June 7, 2017, following further administrative proceedings on remand, the Commissioner found Hayhurst disabled as of January 1, 2012. He was awarded past due benefits.

## DISCUSSION

**Attorney Fee Awards Under § 406(b)**

Under 42 U.S.C. § 406(b)(1)(A), following a favorable judgment on a Social Security disability appeal, the Court may award attorney fees not in excess of 25% of the past-due benefits received by the claimant. *Boggs v. Comm'r of Soc. Sec.*, No. 2:14-CV-613, 2017 WL 3608249, at *1 (S.D. Ohio Aug. 21, 2017) (citing 42 U.S.C. § 406(b)(1); *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013)). Section 406(b)(1)(A) places a 25% cap on the amount of fees recoverable, and requires that the fee award be reasonable in light of services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). "The Court may award fees only for work performed before the Court and not before the Social Security Administration." *Pendland v. Comm'r of Soc. Sec.*, No. 1:08-CV-485, 2011 WL 4891025 at *1 (S.D. Ohio Sept. 21, 2011) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc)).

Sixth Circuit "precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap." *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)).

Deductions to large fees are only made in two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall *because of either an inordinately large benefit award or from minimal effort expended*." *Hayes*, 923 F.2d at 420-421 (emphasis added in original) (quoting *Rodriquez*, 865 F.2d at 746).

The Sixth Circuit has held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id*. at 422 (footnotes omitted).[1] In fact, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable[.]" *Id.*

If neither of the two situations permitting a fee deduction is applicable to a § 406 fee petition, then "an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Id*. at 421.

**Analysis**

Hayhurst entered into a fee agreement with counsel under which he agreed, *inter alia*, to pay his attorney 25% of the past due benefits awarded by the Commissioner following any remand by a court. (*See* Doc. No. 18-3 at 1454.[2]) Hayhurst was awarded $47,179.00 in past due benefits following this Court's remand. The Commissioner withheld $11,794.75 -- 25 % of the past due amount -- for payment of attorney fees. (*See* Doc. No. 18-3 at 1461.)

---

[1] Another branch of this court has determined that the "standard rate" in Ohio is $250/hr. *Daniels v. Colvin*, No. 1:11-CV-806, 2017 WL 35697 at *1 n.14 (N.D.Ohio Jan. 4, 2017) (citing The Ohio State Bar Ass'n, *The Economics of Law Practice in Ohio in 2013* at 40).

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

Plaintiff has submitted a time sheet documenting 38.40 hours[3] expended on his behalf by three attorneys in connection with this federal litigation (*id*. at 1457), along with an "Affirmation" in support by one of the attorneys, Charles E. Binder (*id.* at 1448-52).[4]

Courts in the Northern District of Ohio have determined that an hourly rate of $350.00 "is an appropriate upper limit in awarding attorney fees pursuant to § 406(b)." *Hayes v. Colvin*, No. 1:13CV2812, 2015 WL 4275506, at *3 (N.D. Ohio July 14, 2015) (collecting cases). The fee amount sought here is $11,794.75 for 38.40 hours of service, which amounts to a hypothetical hourly rate of $307.15 (*i.e.*, $11,794.75 ÷ 38.40). This is less than twice the standard rate (*i.e.*, less than $250 x 2, or $500/hr) and also less than the appropriate upper limit. Therefore, the Court concludes that it is reasonable. There is also no evidence of improper conduct or ineffective representation by counsel in this case, nor does $11,794.75 constitute a windfall to counsel. *See Hayes*, 923 F.3d at 421–22.

As Hayhurst's counsel points out, the Court has already made an attorney fee award in this case under the EAJA in the amount of $6,650.00. As plaintiff's counsel further concedes, he may not receive fees under both statutes. *Bowman v. Colvin*, No. 1:09 CV 248, 2014 WL 1304914, *2 (N.D. Ohio Mar. 27, 2014) (citing *Jankovich v. Bowen*, 868 F.2d 867, 871, n.1 (6th Cir. 1989)) (further citation omitted). If fees are awarded under both the EAJA and § 406(b), the plaintiff's attorney must return the lesser amount to plaintiff. *Gisbrecht*, 535 U.S. at 796 (citation to statute omitted).

---

[3] The Sixth Circuit has noted that "[a]n interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data found that the average number of hours asserted in the fee petition was 37.3." *Rodriguez*, 865 F.2d at 747 n.4.

[4] The hours charged are as follows: Attorney Charles E. Binder (2.90 hours); Attorney Daniel S. Jones (34.20 hours); and Attorney Grant E. Felbaum (1.30 hours). The hourly rate charged by each attorney is $187.73, resulting in actual fees amounting to $7,208.83 (i.e. 38.40 hours x $187.73/hr).

## CONCLUSION

For the foregoing reasons, plaintiff's motion (Doc. No. 18) for an attorney fee award pursuant to 42 U.S.C. § 406(b)(1) is granted. When counsel for plaintiff receives the $11,794.75 awarded here, he shall forthwith remit to plaintiff the fees previously awarded under the EAJA in the amount of $6,650.00.[5]

**IT IS SO ORDERED**.

Dated: March 1, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[5] Hayhurst was also awarded $400.00 in costs (*i.e.*, the case filing fee). This amount is not implicated in this decision.